(A.R.D. 207)

ERCONA CAMERA CORP. ET AL. *v.* UNITED STATES

Entry No. 725815, etc.

### Third Division, Appellate Term

(Decided April 19, 1966)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* and *David Serko* of counsel) for the appellants.

*John W. Douglas,* Assistant Attorney General (*Samuel D. Spector,* trial attorney), for the appellee.

Before DONLON, RICHARDSON, and LANDIS, Judges

RICHARDSON, Judge: This application for review was filed by the importer against the decision and judgment of the trial judge sitting in reappraisement in *Ercona Camera Corp. et al.* v. *United States,* 54 Cust. Ct. 675, Reap. Dec. 10989, decided May 20, 1965, and holding that the proper basis for determination of the value of certain merchandise herein involved which does not appear on the final list compiled by the Secretary of the Treasury in T.D. 54521, is cost of production and constructed value. The instant application involves 37 consolidated reappraisement appeals covering as many consumption entries. The merchandise of these appeals consists of magnetic tape recorders and accessories which were manufactured in and exported from England at various times between February 1956 and July 1958, and entered at New York both prior to and subsequent to February 27, 1958, the effective date of the Customs Simplification Act of 1956.

It is conceded by the attorneys for the parties that cost of production or constructed value, depending upon the date of entry of a particular shipment here involved, is the proper basis for valuing the subject merchandise. The issue presented to and determined by the trial judge was whether the item of profit under these bases of valuation was sufficiently established in the evidence to support claimed unit values different from those returned in the appraisement. The appellants claimed that the evidence was sufficient to establish and support the amount allocable to profit by the manufacturer in its cost accounting concerning the production of the subject merchandise. The appellee contended to the contrary.

The evidence before the trial judge consisted of two affidavits executed at different times by R. W. Merrick, managing director of the exporter-manufacturer (plaintiffs' exhibits 1 and 2 dated September 21, 1962, and December 19, 1963, respectively), and a report of a customs agent (defendant's exhibit A dated June 6, 1958). With re-

spect to the item of profit the pertinent portions of these exhibits read as follows:

[exhibit 1]

9. With reference to the element of profit noted in the preceding figures, while I do not have access to the books and records of other manufacturers in England who are engaged in the production of recorders of the same general character or the same class or kind as the recorders which the Ferrograph firms have manufactured and exported to Ercona Corp. of the United States and which are the subject of the proceedings in which this affidavit is being offered, from my general knowledge of the cost of materials, labor, overhead, packing, general expenses and all other costs and expenses ordinarily incurred in producing recorders in England, and from my knowledge of the selling price and business practices of other manufacturers and purchasers, it is my firm opinion that other manufacturers' profit during the period from Feb. 1956 to July 1958 was not more than the profit added by the Ferrograph firms, as noted in the preceding figures, in the manufacture and sale of the involved recorders.

[exhibit 2]

2. I now desire to say that in connection with the statements made in Paragraph 9 of the said affidavit concerning the element of profit noted in the cost of production figures therein, efforts were made to obtain information from other manufacturers or producers in the country of manufacture who are engaged in the production or manufacture of tape recorders but in no case were these successful. Such information is, of course, confidential and we would have adopted a similar attitude had we been so questioned.

3. However, the financial records of Companies producing merchandise of the same general character although not necessarily of the same class or kind, such as E.M.I., Murphy Radio, Ultra Electric, have been examined at the Public Records Office, and in no case do they reveal a greater profit than that shown by our own cost of production figures.

And the earlier statement of Mr. Merrick as reported in exhibit A on the item of profit reads as follows:

Mr. Merrick stated that the profits realized on the manufacture and sale of the tape recorders greatly exceeded the statutory minimum of 8%. He produced for my examination the latest annual report which showed that on April 9, 1958, the company approved a dividend of 30%. Such a dividend would be impossible, according to Mr. Merrick, if the profit realized on the tape recorders was only 8% or less.

On the foregoing evidence the trial judge concluded that the plaintiffs had failed to offer evidence, as distinguished from conclusions, of diligent efforts to ascertain the profit added by other manufacturers in the production of merchandise of the same general character as that here involved and, accordingly, sustained the appraised

values, noting that the requirement of diligence is the same under either of the relevant statutory bases of valuation. In reaching its conclusion, the trial court relied upon, among other cases, the cases of *United States* v. *Henry Maier*, 21 CCPA 41, 42, T.D. 46378; *United States* v. *Jovita Perez*, 36 CCPA 114, C.A.D. 407; and *United States* v. *Berben Corporation*, 49 Cust. Ct. 497, A.R.D. 147.

The pertinent provisions of the statutes involved read as follows:

[19 U.S.C.A., section 1402(f) (section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956)]

> (4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

[19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956)]

> (2) An amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; . . . .

It is clear from a reading of the above statutory provisions as well as the cited cases that the figure contemplated under either statute concerning the item of profit is primarily a comparative figure. In fact, the principal difference between the two statutes in this regard is that under constructed value, the field of competitors from whom the comparative figure is to be obtained for valuation purposes is narrowed down to producers of merchandise for exportation to the United States. In a sense, this delimitation in the new statute would appear to be more helpful to parties having the burden of ascertaining the comparative figure for the items of profit as well as for the item of general expenses because it makes more definite and certain and puts on record, so to speak, those from whom such information should be sought. The aforementioned cases cited by the court below, although they relate to and interpret requirements under the old statute, remain unaffected in principle in the presence of the new statute insofar as evidentiary matters are concerned. The trial judge properly applied the guidelines laid down in the cited cases, on the record in this case, and reached the correct conclusion.

The statement of the manufacturer's managing director regarding the cost accounting practices of competitor manufacturers is a conclu-

sion which is admittedly founded upon the opinion of the affiant. However, the involved statutes call for the giving of facts concerning competitive profits. And the opinions of business executives regarding competitive practices, however expert they may be, are no substitute for the facts necessitated by the statutes. The same may be said of the affiant's statements concerning efforts to obtain from competitors information as to profit allocations. Here too, the record contains only the conclusions of the affiant as to the lack of fruition flowing from the manufacturer's efforts, and nothing of the facts from which the court can determine whether those efforts were diligent or merely perfunctory.

Apart from the inadequacies of proof, the speculative argument of appellants' counsel about difficulties likely to be encountered in attempting to ascertain competitive profits are not sufficient to warrant a waiver of the application of the so-called "diligent effort" rule.

The court, therefore, finds as facts:

1. The merchandise involved herein consists of tape recorders, exported from England between February 1956 and July 1958.

2. The merchandise was appraised on the basis of cost of production or constructed value, depending upon the date of entry, and plaintiff does not contest this basis.

3. There is no evidence in the record that the item of profit allocated in the cost of production of the merchandise at bar is equal to the profit which ordinarily is added by competing manufacturers in the country of manufacture to merchandise of the same general character or merchandise of the same general class or kind.

4. There is no evidence in the record of the making of diligent effort on the part of the importers to establish the nonexistence or unavailability of evidence of the profit which ordinarily is added by competing manufacturers in the country of manufacture to merchandise of the same general character or merchandise of the same general class or kind as that here involved.

The court concludes as matters of law:

1. That the evidence fails to overcome the presumption of correctness attaching to the appraised values.

2. That the proper basis for determining the value of the subject merchandise is cost of production, as defined in 19 U.S.C.A., section 1402(f) (section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956), as to the merchandise entered for consumption prior to February 27, 1958, and constructed value, as defined in 19 U.S.C.A., section 1401a(d) (section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956), as to the merchandise entered for consumption on or after February 27, 1958.

3. That such values are represented herein by the appraised values. The judgment of the trial judge sustaining the appraised values is affirmed.

Judgment will be entered accordingly.