(R.D. 11673)

DESCOWARE CORP. (WESTLAND) *v.* UNITED STATES

Entry No. 22501.

(Decided June 26, 1969)

*Lawrence & Tuttle* and *Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Brian S. Goldstein*, trial attorney), for the defendant.

WILSON, Judge: The imported articles consist of enameled iron household utensils which were manufactured in Brussels, Belgium, and exported therefrom on or about September 28, 1959. This merchandise is included in the final list promulgated by the Secretary of Treasury, 93 Treas. Dec. 14, T.D. 54521.

The facts and issues concerning said merchandise are the same in all material repects as the facts and issues in respect to the enamelware exported by the same producer on or about October 16, 1959, in R60/1537, decided in *Descoware Corp.* (*Westland*) v. *United States*, 58 Cust. Ct. 698, R.D. 11297 (1967), which record is incorporated herein, R. 5.

Counsel for the respective parties herein stipulated, as they did in the incorporated record, that no foreign value, export value or United States value, as defined in section 402a(c), (d), and (e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, existed at the time of exportation herein for six items described on the invoice as 81/A skillet SK-23; 81/A skillet SK-2303; 81/C skillet SK-19; 81/C skillet SK-1903; 7/A cast-iron cover for saucepan CC-14; and 7/A cast-iron cover for saucepan CC-1403, and that they are properly dutiable on the basis of cost of production as defined in section 402a(f) of the above amended tariff act, which was the basis for appraisement of said identified six items.

Counsel also stipulated that the remaining invoiced items should be appraised on the basis of foreign value as defined in section 402a(c) of said amended tariff act at the appraised values, except that where the appraiser allowed a 20 percent discount, it should be a 40 percent discount.

Accordingly, the only contested issue is whether on the entire record, plaintiff has established a statutory cost of production for those items in issue different than the appraised cost of production thereof which is presumptively correct (28 U.S.C., section 2633).

The statutory provision under consideration is section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, which reads as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

In the incorporated case, plaintiff's brief page 3 alleges that although exhibit 1 therein discloses that there was one other manufacturer of enamelware in Belgium "that firm did not make any iron handle skillets or cast-iron covers *such as involved herein* [emphasis supplied], therefore following the case of *United States* v. *F. B. Vandegrift & Co., et al.*, 26 CCPA 360, 368, C.A.D. 42, the profit if any, made by the manufacturer herein, or in lieu thereof, at least the 8% minimum required by the statute must represent the item of profit in the statutory definition of cost of production."

This court, in its decision in the incorporated case, stated (58 Cust. Ct. 698 at 702–703):

Plaintiff's argument that the other manufacturer did not make iron handle skillets or cast-iron covers *such as involved herein* is without merit for the affiant indicates that the *other* manufacturer made *similar* cast-iron ware. The statute section 402(f)(1) refers to *such or similar* merchandise, and section 402(f)(4) refers to profit in the case of merchandise of the *same general character* and to merchandise of the *same class or kind*. Hence, the *Vandegrift & Co.* case, *supra*, does *not* apply, thereby making it inappropriate to accept the figures alleged in exhibit 1 or those figures calculating cost of production as stated in plaintiff's brief. [Emphasis quoted.]

This court further stated at page 703:

The court does not deem it necessary on the record herein to pass upon the questions raised by the defendant as to the sufficiency of the facts alleged in exhibit 1, or as to the proper placement of the foremen's wages or whether the allegations as to profits are conclusory and not evidentiary.

There is nothing in exhibit 1 in the current case that would require the court to pass upon the foregoing questions on the entire record, nor as to the question of diligence in ascertaining information from the *other* manufacturer as to *such or similar* enameled cast-iron ware. Section 402a(f)(4) refers to *profit* in the case of merchandise of the *same general character* and to merchandise of the same *class or kind*. Exhibit A part of exhibit 1 in the current case, addressed to the *other* manufacturer, refers to "profit obtained by a competitor on the frying pans with cast-iron handles, *similar* [emphasis supplied] to the frying pans of F. E. Saint Trond * * *," and NOT to merchandise of the *same general character* or the *same class or kind*. In light of the views expressed *supra*, the court need not delve into a discussion of diligence, the proper placement of foremen's wages or whether the allegations as to profit are conclusory and not evidentiary. See *N. M. Albert Co., Inc., et al.* v. *United States*, 62 Cust. Ct. 1029, A.R.D. 254, decided April 24, 1969.

Moreover, there is, therefore, no impelling reason to decide whether or not Mr. Rary, the affiant in both exhibits 1, is or is not qualified to testify as to the elements of a statutory cost of production for the six items in issue herein, based upon his duties as managing director of the exporter.

Plaintiff's brief in the current case refers to 28 U.S.C.A., section 1732(a)* and states that one of its purposes was to eliminate the common-law requirement that each and every entry must be proved by the person or persons actually making them, citing amongst others, the case of *Bridger* v. *Union Railway Company*, 355 F.2d 382 (C.A. 6th Cir., 1966). The court there indicated that to be admissible under the Federal Business Records Act, it is immaterial that the persons who made municipal reports were not available to testify and that

---

*§ 1732—Record made in regular course of business * * *.

(a) In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, *if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.* [Emphasis supplied. The details of the emphasized words are not established by the record.]

All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its *weight,* but such circumstances shall not affect its admissibility. [Emphasis supplied.]

The term "business," as used in this section, includes business, profession, occupation, and calling of every kind.

one of its purposes was to eliminate the common-law requirement that the entrant must appear to authenticate the record.

The admission of business records under 28 U.S.C.A., section 1732(a) in no way affects the *weight* to be attributed to the document received by the court. *La Porte* v. *United States*, 300 F.2d 878 (C.A. 9th Cir., 1962).

In respect to the foregoing, defendant's brief page 9 states:

> In the instant case, we are not concerned with the threshold question of admissibility of any books or records; rather, we are concerned with the weight to be given certain statements contained in an affidavit already in evidence. Section 1732(a), *supra*, is not controlling of that issue. Further, plaintiff here is not offering books and records, but is seeking to have this Court give probative value to cost of production figures taken from a profit and loss statement, which in turn were taken from books and records.
>
> Indeed, if plaintiff's reliance on section 1732(a) is correct, then we respectfully submit that in the absence of a showing that the profit and loss statements relied upon by Mr. Rary were made in the ordinary course of business, this Court should deny probative value to said statements, as they do not comply with section 1732(a), *supra*.

There is nothing of record alleging that the profit and loss statements, and/or the cost of production figures were made in the ordinary course of business. Hence it would *not* be proper to give weight to the figures of cost of production as contain in plaintiff's exhibit 1 in the incorporated case, or to the figures in plaintiff's brief therein, or in its current brief for the six items under issue as to cost of production herein.

The court, on the entire record, concludes and adopts the following from its decision in the incorporated case, *Descoware Corp.* (*Westland*) v. *United States*, 58 Cust. Ct. 698 at 704, R.D. 11297 (1967):

> I, therefore, conclude that the record here presented is insufficient to make out a *prima facie* case on the basis of cost of production different from that returned by the appraiser with reference to the six identified items in controversy, which said appraised values are by statute presumptively correct. (28 U.S.C. § 2633.) See *United States* v. *Collin & Gissel* (*Ludwig Baer*), 29 CCPA 96, 103, C.A.D. 176; *Brooks Paper Company* v. *United States*, 40 CCPA 38, C.A.D. 495, citing cases. The appraised values of said six items must remain in full force and effect. *Kenneth Kittleson* v. *United States*, 40 CCPA 85, C.A.D. 502; *Kobe Import Co.* v. *United States*, 42 CCPA 194, C.A.D. 593.

I also conclude that there was no higher export values than the foreign values agreed upon for each of the remaining invoiced items as stipulated by counsel, said stipulation being accepted as one of fact.

Accordingly on the entire record herein, the court makes the following:

## FINDINGS OF FACT

1. That the imported merchandise consists of numerous items of enamelware, manufactured in Brussels, Belgium, and exported therefrom on or about September 28, 1959, by the same producer of the enamelware in *Descoware Corp. (Westland)* v. *United States*, 58 Cust. Ct. 698, R.D. 11297 (1967), which record is incorporated herein, and that said merchandise is included in the final list promulgated by the Secretary of the Treasury, 93 Treas. Dec. 14, T.D. 54521.

2. That appraisement of the six identified items described on the invoice, to wit, as: 81/A skillet SK–23; 81/A skillet SK–2303; 81/C skillet SK–19; 81/C skillet SK–1903; 7/A cast-iron cover for saucepan CC–14; and 7/A cast-iron cover for saucepan CC–1403, was made on the basis of cost of production as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, counsel having stipulated that it was the proper basis for appraisement, and that there was no foreign value, export value, or United States value therefor, as defined in section 402a (c), (d), and (e) of the above amended tariff act.

3. Counsel stipulated that the remaining invoiced items should be appraised on the basis of foreign value as defined in section 402a(c) of the above amended tariff act, there being no higher export value under section 402a(d) thereof, and that such foreign value is the appraised value for each of said items except that where the appraiser allowed a 20 percent discount, it should be a 40 percent discount.

4. The evidence offered by the plaintiff in the entire record herein is insufficient to warrant a finding of fact establishing a cost of production for said six invoiced identified items different from the appraiser's finding of cost of production thereof.

I conclude as matters of law:

1. On the entire record herein, the value for each of the six invoiced identified and described items referred to in finding of fact No. 2, *supra*, is the appraised value on the basis of cost of production, for each of said items as the evidence does not establish a statutory cost of production different from the appraiser's finding of cost of production therefor, which remain in full force and effect as presumptively correct. 28 U.S.C.A., section 2633 and cases cited.

2. The value for each of the remaining invoiced items is the appraised value thereof on the basis of foreign value except that where the appraiser allowed a 20 percent discount, it should be a 40 percent discount.

Judgment will be entered accordingly.