(R.D. 11696)

HONG KONG FASHIONS, LTD. v. UNITED STATES

Entry No. 490843.

(Dated March 26, 1970)

*James G. McGoldrick* for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Frederick L. Ikenson*, trial attorney), for the defendant.

NEWMAN, Judge: This appeal for reappraisement involves the proper dutiable values of certain wearing apparel exported from Hong Kong in September 1966 and entered at the port of New York.

There is no dispute that the merchandise does not appear on the Final List promulgated by the Secretary of the Treasury and published in T.D. 54521.

Counsel for the Government alleges in his statement filed under Rule 15(d) and in his brief that appraisement was made on the basis of constructed value, as defined in section 402(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. As noted by the customs officials on the invoice,

the merchandise was "appraised at the invoiced unit values plus 20%." The parties have stipulated that the report of the appraisement in the official papers was approved by the regional commissioner of customs (R. 17).

Plaintiff does not dispute that the proper basis for appraisement is constructed value, but insists that the appraisement is separable, and that the 20 per centum addition to the invoice unit values is not properly part of a constructed value appraisement. Hence, plaintiff claims that the invoice unit values represent the correct constructed values.

### Statutes Involved

Section 402 (a) of the Tariff Act of 1930, as amended:

VALUE.

(a) Basis.—Except as otherwise specifically provided for in this Act, the value of imported merchandise for the purposes of this Act shall be—

(1) the export value, or

(2) if the export value cannot be determined satisfactorily, then the United States value, or

(3) if neither the export value nor the United States value can be determined satisfactorily, then the constructed value; except that, in the case of an imported article subject to a rate of duty based on the American selling price of a domestic article, such value shall be—

(4) the American selling price of such domestic article.

Section 402 (d) of the Tariff Act of 1930, as amended:

(d) Constructed Value.—For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

At the trial, neither party presented any evidence relative to the constructed values of the merchandise. In sum, the entire record consists of the official papers and the testimony of John Wargo, the import specialist who advisorily appraised the merchandise and whose action was adopted by the regional commissioner.

Respecting the basis of appraisement, counsel for plaintiff elicited the following testimony from Mr. Wargo on direct examination (R. 20–21):

Q. What appraised value did you find in connection with that importation of merchandise?

\*      \*      \*      \*      \*      \*      \*

A. The fair value.

And again (R. 33–34):

Q. \* \* \* Mr. Wargo, what did you do, if anything which resulted in your act of adding 20 percent to the invoiced unit values in order to arrive at the constructed value of the merchandise?

\*      \*      \*      \*      \*      \*      \*

A. *Well, I don't believe I appraised at constructed value.* I believe I appraised at a fair value, considering all the information before me. The invoice was incomplete. *For constructed value, I would have to have separate values from the importer, which never came to me.* [Emphasis added.]

Q. Then what did you do then which resulted in your adding 20 percent to the invoiced unit values?—

A. Well, I consulted with my team as to the best and fairest value and we came to that determination.

Q. Can you tell me what that 20 percent represented or related to?—A. The difference between the invoiced value and fair value.

Although both parties agree that constructed value is the proper basis for appraisement, it is plain from Mr. Wargo's testimony that the merchandise was not in fact appraised on that basis.[1] Moreover, the record is barren of any indication that the so-called "fair value" determined by the appraiser corresponds to any basis specified in section 402(a), as amended.

Fundamentally, the basis of appraisement utilized by the customs officials is presumptively correct. Such basis must, however, be one of those provided by section 402(a), as amended. Inasmuch as there is

---

[1] Accordingly, there is absent a presumption that there is no export or United States value.

no "fair value" basis specified by statute, it follows that no presumption of correctness attached to the values determined by the regional commissioner in this case. Additionally, since the appraisement fails to comply with the mandatory provisions of section 402(a), as amended, such appraisement is not merely erroneous, but unfortunately, it is null and void. See *G. & H. Transport Co., Inc. (Philipp Wirth) v. United States*, 27 CCPA 159, C.A.D. 78 (1939), Hence, plaintiff's contention that the appraisement is separable becomes moot.

Consequently, and with great reluctance, the court finds that there is now no evidence upon which to determine the proper dutiable value, and is constrained to restore this case to the calendar for all purposes. The parties may file an amended or supplemental statement under Rule 15(d), if they deem it appropriate, within thirty days after service of a copy of the order to be entered herein. The order will issue accordingly.