Judgment will be entered affirming the decision below.

(A.R.D. 281)

Hong Kong Fashions, Ltd. *v.* United States

Entry Nos. 529230, etc.

Third Division, Appellate Term

(Decided November 20, 1970)

*James G. McGoldrick* for the appellant.

*William D. Ruckelshaus*, Assistant Attorney General (*Frederick L. Ikenson*, trial attorney), for the appellee.

Before RICHARDSON, LANDIS, and MALETZ, Judges

RICHARDSON, Judge: On June 16, 1969, Judge Newman called Chief Judge Rao's calendar. Appellant had 96 cases involving custom-made wearing apparel imported from Hong Kong on that calendar, of which it had noticed five for trial. It elected to try only one of the five cases noticed for trial, R67/5432, and expressed an intention to suspend the other four and all of the remaining 91 cases, under the case it had elected to try.

The appellee expressed the view that the five cases noticed for trial should be consolidated, and certain of the remaining cases should be dismissed. The court gave the parties permission to file memoranda in support of their respective positions. Before the memoranda were filed Judge Newman ordered the cases continued peremptorily to Chief Judge Rao's October 20, 1969 calendar and instructed counsel to file their respective memoranda with Chief Judge Rao. The calendar for October 20 was sent out September 9.

September 15, 1969 appellant filed a motion supported by affidavit under Rule 16(a) of the Customs Court to suspend the 95 cases under the case it had elected to try before Judge Newman, contending that said 95 cases presented the same issues of law, that there is separability of invoiced unit values from the additions of certain percents which were made by the appellee. Appellee filed a cross-motion to dismiss the 60 appeals that had been filed in 1966 or earlier for want of diligent prosecution and to continue the 35 appeals filed subsequent to 1966.

Appellant's Rule 15(d) statement in the so-called "test case" represented that appraisement was made on the basis of export value, and in the alternative on constructed value, as defined in 19 U.S.C.A., § 1401a(d), (section 402(d) of the Tariff Act of 1930) as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. The merchandise was "appraised at the invoiced unit values plus 20%." Counsel for the appellee alleged that the basis of appraisement is constructed value.

Appellant proceeded on the theory that the proper basis for appraisement is constructed value, but contended that the appraisement is separable and that the 20 percent addition to the invoice unit values is not properly part of a constructed value appraisement.

19 U.S.C.A., § 1401a(d), provides that:

(d) For the purposes of this section, the constructed value of the imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed away for shipment to the United States.

Neither party introduced any evidence to establish constructed value or any other statutory basis for dutiable value of the merchandise. Appellant's witness, John Wargo, the import specialist who advisorily appraised the merchandise and whose action was adopted by the regional commissioner, testified that the appraised value that he found was "The fair value," by adding 20 percent to the invoiced value. Clearly this method of appraisement does not meet the statutory requirements set out above for establishing constructed value, or any other statutory basis for establishing dutiable value.[1] The submission of the case in this posture put appellant on notice that it did not have a "test case" on the issue of constructed value.

Even assuming that the appellant was correct in its position that the appraisement was separable, it could not anticipte that the record made in the so-called "test case" would be dispositive of the issue of constructed value. Alleging that the invoice value represents constructed value is not proof of such value. A motion to suspend cases under a "test case" pursuant to Rule 16(a) of the Customs Court is addressed to "the discretion of the Court." With the test case submitted before Judge Newman devoid of any evidence of the claimed dutiable value, it cannot be said that the trial judge abused his discretion in denying suspension.

Add to the lack of suspensibility the fact that the cases were continued peremptorily, and that the appellee had filed a cross-motion to dismiss 60 of the cases for alleged failure to diligently prosecute said cases, appellant was on notice that it was necessary for it to make

---

[1] The appraisement on the basis of "fair value" was subsequently held by Judge Newman to be null and void. *Hong Kong Fashions, Ltd.* v. *United States,* 64 Cust. Ct. 651, R.D. 11696 (1970).

some disposition of the cases other than a further attempt at suspension when Chief Judge Rao's calendar was called October 20, 1969. As previously stated the calendar had been sent out September 9, 1969.

Appellant's counsel admits here that he was not ready for trial on October 20, 1969, and says he had not noticed a case for trial because he was awaiting a formal ruling on his motion to suspend. Chief Judge Rao ruled on October 20th that the pending cases were not suspensible under the test case, that said cases had been marked peremptorily, and since appellant was not ready for trial, the motion to suspend was denied and said cases were dismissed for failure to prosecute.

Appellant filed a motion to set aside the order of dismissal of October 20, 1969, which appellee opposed; and the trial judge denied on December 22, 1969.

Appellant admits that three of the cases, R68/10302, R68/10304 and R68/14841, are not suspensible, and offers to abandon them.

Its argument before this appellate term is summarized by counsel in the record (R. 36) as follows:

> "There was a test case, the test case covers the issues, and that's the merit of the case, that's the merit of the whole thing, and plaintiff was entitled to a suspension at that time. All the developments that came after failed to recognize that and I object to their failure to recognize that. I say it was an abuse [of discretion] not to recognize it."

We agree with the trial court that the record in the test case does not cover the issues of law and fact raised by the parties in the remaining cases; cannot be dispositive of them; and therefore the latter cannot be suspended under the test case. The trial judge did not abuse his discretion in refusing to suspend under the said test case.

There remains the question whether the trial judge's dismissal was an abuse of discretion under Rule 5(b) of the Customs Court. Rule 5(b) reads:

> (b) Whenever it shall be made to appear to a division of this court or a judge before whom a cause, action, or proceeding is pending that the same is not being prosecuted with due diligence, the court may, either upon its own motion or upon the motion of any interested party, enter an order dismissing the said cause, action, or proceeding for lack of prosecution.

The fact that the dismissed cases had been on the calendar several times, were continued peremptorily, after a refusal on the part of Judge Newman to suspend under an alleged test case (which did not present a test on the issue of constructed value), is sufficient basis for the exercise of discretion by dismissing the cases for failure to prosecute. *United States* v. *Chas. Kurz Co.*, 55 CCPA 107, C.A.D. 941 (1968).

The orders of the trial court are affirmed.