(C.R.D. 79–14)

Braniff Airways, Inc., plaintiff v. United States, defendant

Court No. 75–3–00646

(Dated November 14, 1979)

*Arnold & Porter* (*Paul S. Berger* and *Kenneth A. Letzler* on the brief), for the plaintiff.

*Alice Daniel,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*James A. Resti* on the brief), for the defendant.

BOE, Judge: Pursuant to a stipulation entered into between the respective parties, the above-entitled action is submitted to the court for judgment on the pleadings and on an accompanying statement of facts contained therein.

From the foregoing, the following facts have been established. The merchandise in question consists of 13 BAC 1–11 jet passenger aircraft manufactured by the British Aircraft Corp. (hereafter referred to as BAC) in the United Kingdom, imported therefrom by the plaintiff into the United States and entered at the Port of Newark, N.J., between March 1965 and January 1966. Included in the dutiable value of each aircraft, set forth with particularity in plaintiff's complaint, is the sum of $57,115 attributable to the cost of warranties specifically so allocated in the purchase price contained in the contract entered into between the plaintiff and British Aircraft Corp. (Exhibit A). The warranty provisions contained in the purchase contract specified that defects which, if discovered in the subject merchandise within a defined period of time, would be corrected in the manner as therein provided.[1] The geographical situs where repairs might be made included the United States. The warranty provisions contained in the purchase and sale contract relating to the imported merchandise was a commercial warranty, as distinguished from a consumer warranty, and was negotiated at arm's length between the parties possessing relatively equal bargaining power and economic strength. The provisions relating to the merchandise in question differed in various respects from warranty provisions contained in purchase and sale contracts relating to similar aircraft between BAC and other purchasers in the United States.

The parties are in agreement that the appraisement of the subject merchandise properly was made on the basis of constructed value pursuant to section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C. 1401a) providing:

(d) Constructed value

For the purposes of this section, the constructed value of imported merchandise shall be the sum of—

(1) the cost of materials (exclusive of any internal tax applicable in the country of exportation directly to such materials or their disposition, but remitted or refunded upon the exportation of the article in the production of which such materials are used) and of fabrication or other processing of any kind employed in producing such or similar merchandise, at a time preceding the date of exportation of the merchandise undergoing appraisement which would ordinarily

---

[1] Exhibit A, Art. 6, secs. 6.01, 6.02, and 6.03.

permit the production of that particular merchandise in the ordinary course of business;

(2) an amount for general expenses and profit equal to that usually reflected in sales of merchandise of the same general class or kind as the merchandise undergoing appraisement which are made by producers in the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for shipment to the United States; and

(3) the cost of all containers and coverings of whatever nature, and all other expenses incidental to placing the merchandise undergoing appraisement in condition, packed ready for shipment to the United States.

The sole question, therefore, presented for determination herein is whether the sum attributable to the cost of the warranties provided for in the purchase and sale agreement negotiated by the plaintiff and BAC should have been included in the appraised constructed value of the merchandise in question.

In the determination of the constructed value, it appears that the parties are in agreement that the cost of the warranties in question are not properly included under either subsection (1) of the aforequoted statute providing for the "cost of materials" or of the "fabrication or other processing of any kind employed in producing such or similar merchandise" or under subsection (3) thereof providing for the cost of "containers and coverings" or "other expenses incidental to placing the merchandise in question packed ready for shipment to the United States." A disagreement does exist, however, as to whether the cost of such warranties should be included under subsection (2) of the statute providing for "general expenses and profit" reflected in the sale of the merchandise in question.

It is the opinion of the court, therefore, that neither the pleadings nor the accompanying stipulation of facts submitted are sufficient in themselves to permit the adjudication of the issue which the parties seek in this proceeding.

In the determination of the general expenses to be included in the computation of the constructed value of the imported merchandise, the statute provides the manner in which the same shall be ascertained. The provisions thereof delineate precisely the character of the factual evidence required and deemed material in such a determination. Subsection (2) of the statute provides in pertinent part that, the "general expenses and profit" included in the constructed value of merchandise must be equal to that usually reflected in sales of goods of the same general class or kind undergoing appraisement which *are made by producers in the country of exportation*. The stipulation entered into and submitted by the parties in this action does not indicate whether the cost of warranties of the nature in issue herein is usually reflected in the sales of merchandise for export of the same general class or kind by *other producers* in the country of exportation, but

rather is solely limited to the practices of one producer, BAC, in its export sale agreements with the plaintiff and other U.S. purchasers. Nor has a showing been made that such other producers of merchandise of the same class or kind do not exist or that after diligent inquiry any information relating to the "general expenses and profit" of other producers has proved to be unobtainable. *N. M. Albert Co., Inc., et al. v. United States*, 62 Cust. Ct. 1029, A.R.D. 254 (1969); *John V. Carr & Son, Inc.* v. *United States*, 52 CCPA 62, C.A.D. 860 (1965); and *Hong Kong Fashions, Ltd.* v. *United States*, 67 Cust. Ct. 488, R.D. 11751 (1971). Thus, an evaluation of the "general expenses and profit" in connection with the production of the merchandise at issue cannot be made pursuant to the statutory mandate.

In view, therefore, of the existence of a genuine issue of material facts remaining in connection with the determination of the appraised constructed value of the subject imported merchandise, judgment on the pleadings and on the accompanying stipulation of facts filed herein cannot be granted.

Now therefore, it is hereby

ORDERED, ADJUDGED and DECREED that judgment on the pleadings and on the stipulated facts submitted by the parties hereto be and is hereby denied.